AO 91 (Rev.5/85) - Criminal Complaint

# United States District Court

**FILED**
SEP 17 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA            Venue: SAN FRANCISCO
v.
**CESAR CASTRO BANDALA**                    **CRIMINAL COMPLAINT**

(Name and Address of Defendant)     CASE NUMBER: 3 07 70550

**EDL**

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief: On or about August 31, 2007, in San Mateo County, in the Northern District of California, the defendant did move or travel interstate with intent to avoid prosecution under the laws of the State of California from which he fled, for a crime, which is a felony under the laws of the State of California, in violation of Title 18 United States Code, Section 1073, <u>Unlawful Flight to Avoid Prosecution</u>.

I further state that I am a <u>Special Agent</u> and that this complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
Title 18 USC Section 1073:
5 years of imprisonment; $250,000 fine; 3 years supervised release; and $100 special assessment fee.

APPROVED AS TO FORM:  _____
                     Derek Owens, AUSA

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

Arrest Warrant Requested:   ☒ Yes  ☐ No
Bail Amount:                No Bail

_____
Signature of Complainant, Adrian Sparrow

Sworn to before me and subscribed in my presence,

September 17, 2007                    at  San Francisco, California
Date                                      City and State

**Elizabeth D. Laporte**
**United States Magistrate Judge**            _____
Name & Title of Judicial Officer             Signature of Judicial Officer

STATE AND NORTHERN DISTRICT OF CALIFORNIA )
) ss. AFFIDAVIT
CITY AND COUNTY OF SAN FRANCISCO )

The undersigned, being duly sworn, depose and state that:

## I. INTRODUCTION

1. My name is Adrienne G. Sparrow, and I have been a Special Agent with the Federal Bureau of Investigation for over eleven (11) years. I am currently assigned to the Violent Crime Squad in the San Francisco Division of the Federal Bureau of Investigation, 450 Golden Gate Avenue, San Francisco, California.

2. I am applying for an arrest warrant for CESAR CASTRO BANDALA for violating Title 18, United States Code, Section 1073—Unlawful Flight to Avoid Prosecution. Section 1073 makes it a crime to move or travel in interstate or foreign commerce with intent to avoid prosecution under the laws of the place from which the person fled, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the person fled. As set forth more fully herein, I believe BANDALA is guilty of violating Section 1073 because, after police identified him and arrived at his residence to question him about the violent assault, rape, and robbery of a woman in violation of California Penal Code Section 220(a), 243.4(a), 245(a)(1), 664/262 (a)(2), 664/289(a), 288a(c), and 212.5(c), all felonies, BANDALA left the area and there is probable cause to believe that he fled to Mexico.

## II. STATEMENT OF PROBABLE CAUSE

3. In connection with my official duties, I was contacted by Detective Vince Dutto of the San Mateo Police Department, San Mateo, California. He informed me that on August 31, 2007, Judge Jonathan Karesh, Superior Court Judge, San Mateo County Superior Court, did issue a felony warrant of arrest for CESAR CASTRO BANDALA for violations of California Penal Code Sections 220(a) - Assault with Intent to Commit Rape; 243.4(a) - Sexual Battery; 245(a)(1) - Assault with Force Likely to Produce Great Bodily Injury; 664/261(a)(2) - Attempted Rape; 664/289(a) - Attempted Digital Penetration; 288a(c) - Forcible Oral Copulation; and 212.5(c) - Robbery, based on probable cause supplied by Detective Vince Dutto, San Mateo Police Department. This felony warrant of arrest is attached and incorporated by reference to this affidavit.

4. I was further advised by Detective Vince Dutto, that he is the investigating officer of the crimes charged against BANDALA and as such he has conducted considerable investigation in an effort to gather evidence against and locate BANDALA.

5. I was advised by Detective Dutto that on August 23, 2007, he was assigned to investigate a case involving the sexual assault of a sixty year old woman. A witness walking down the street where the assault occurred had seen a Hispanic male lying on top of an Asian female with his pants down. The witness called 9-1-1 with his cell phone and the Hispanic male got up and fled the area on foot. Detective Dutto responded to San Mateo County General

-1-

Hospital and made contact with the victim, utilizing an interpreter. The victim relayed that she had been walking on the street when a Hispanic male grabbed her from behind and threw her into rose bushes, knocking her to the ground. The victim resisted the male, and he began to punch her in the head, face and ribs. He attempted to penetrate her with his penis, and put his mouth on her nipples, genitals and mouth. The victim then saw a man on the sidewalk using a cell phone. The suspect also saw him and got off the victim, grabbed victim's pants and panties, and walked away. Victim was able to physically describe her assailant.

6. Detective Dutto relayed to me that investigation led them to CESAR BANDALA. On 08/24/07 at 1830 hours Detective Dutto went to BANDALA's residence and spoke to his sister-in-law who advised that she had not seen BANDALA for days and did not know his whereabouts. Officer Dutto later learned from BANDALA's employer that on 08/24/07 Bandala had walked out of his place of employment at approximately 1900 hours, in the middle of his shift, stating that he was "going to Mexico." On 08/25/07, BANDALA's brother went to the store to return BANDALA's key and he told the store owner that his brother had gone to Mexico. Police conducted a search warrant of BANDALA's residence and obtained a baseball hat from his bedroom. The DNA profile from the hat matched the DNA profile of male saliva found on the victim.

7. Detective Dutto has learned from local family members that BANDALA has family in Veracruz, Mexico. BANDALA was an undocumented illegal alien in the United States. San Mateo Police Department investigators have made all reasonable and diligent efforts to locate BANDALA. Upon their request the San Francisco FBI office has opened a fugitive case on BANDALA.

8. James P. Fox, District Attorney for the County of San Mateo, has stated that if authorities apprehend BANDALA anywhere outside the State of California or outside the United States, the San Mateo County District Attorney's Office will press for the extradition of BANDALA to the State of California.

9. Attached and considered part of this affidavit is a copy the San Mateo County Arrest Warrant issued for BANDALA on August 31, 2007, along with information regarding California Penal Code Sections 220(a), 243.4(a), 245(a)(1), 664/261(a)(2), 664/289(a), 288a(c), and 212.5(c) and related provisions of California law.

### III. CONCLUSION AND REQUEST TO SEAL

10. Based upon the foregoing information, your affiant believes disclosure of the information held within the warrant could cause irreparable harm to the ongoing San Mateo Police investigation. Therefore, it is requested that this Affidavit be sealed.

11. Based on the foregoing, there is probable cause to believe that CESAR CASTRO BANDALA has moved or traveled in interstate commerce with the intent to avoid prosecution under the laws of the State of California, the place from which he fled, for a crime that is a felony under the laws of the California State Penal Code, violating Title 18, United States Code, Section

1073 - Unlawful Flight to Avoid Prosecution.

ADRIENNE G. SPARROW
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 17th DAY OF SEPTEMBER 2007.

HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

STATE OF CALIFORNIA                                        COUNTY OF SAN MATEO

MUNICIPAL COURT
SUPERIOR COURT NORTHERN BRANCH
1050 MISSION RD
S. SAN FRANCISCO, CA

THE PEOPLE OF THE STATE OF CALIFORNIA            CASE NO: NF369598A
            VS.                                   WARRANT OF ARREST
CESAR CASTRO BANDALA                              FELONY
3205 CASA DE CAMPO WY APT 1, SAN MATEO, CA 94403

DOB: 11/16/81    SSN:                     OLN: X6369993
AGE: 25    SEX: M    HR: BlK    EYE: Bro    WT: 160    HT: 504    RACE: H

VIOLATION: 1) PC 220(A) WITH 1 SPECIAL ALLEGATION; 2) PC 243.4(A);
3) PC 245(A)(1) WITH 1 SPECIAL ALLEGATION;
4) PC 664/261(A)(2) WITH 1 SPECIAL ALLEGATION; 5) PC 664/289(A);
6) PC 288A(C)>FORCE WITH 2 SPECIAL ALLEGATIONS;
7) PC 212.5(C) WITH 1 SPECIAL ALLEGATION

VIOLATION DATE: 08/23/07

The People of the State of California, to any peace officer of this state:

A verified complaint was made before me on this date that the offense set forth above was committed, and accusing the defendant, named and described above, you are ordered to arrest the defendant forthwith and bring him before me, or in the case of my absence or inability to act, before the nearest or most accessible magistrate in this county

(✓)   DEFENDANT IS TO BE ADMITTED TO BAIL IN THE AMOUNT OF $ 1,000,000
      (815 PC)

( )   BAIL MAY BE FORFEITED

(✓)   MANDATORY APPEARANCE

( )   DEFENDANT MAY BE RELEASED ON SIGNED PROMISE TO APPEAR
      (818/852.6 PC)
                                    INITIALS FOR RELEASE _____

( )   MAY BE SERVED AT NIGHT (840 P.C.)

_____
SIGNATURE OF JUDGE FOR NIGHT SERVICE

                              _____   AUG 31 2007
                              SIGNATURE OF JUDGE         DATE
                              JONATHAN E. KARESH

AGENCY ORI NO  4116           RESPONSIBLE LAW ENFORCEMENT AGENCY  4116

AGENCY ORI NO  4116           LAW ENFORCEMENT AGENCY FILING COMPLAINT SM
                              SAN MATEO POLICE DEPARTMENT

SEP/17/2007/MON 11:56 AM    SMPD INVESTIGATIONS            FAX No. 6505227651                    P. 007
Case 3:07-mj-70550-MAG    Document 1    Filed 09/17/2007    Page 6 of 12

97                              CRIMES AGAINST THE PERSON                              § 220

3 Witkin Cal. Crim. L. 3d Punishment § 437, (S 437) Offenses Punishable by Death.
3 Witkin Cal. Crim. L. 3d Punishment § 450, (S 450) in General.
3 Witkin Cal. Crim. L. 3d Punishment § 614, When Parole is Prohibited.
3 Witkin Cal. Crim. L. 3d Punishment § 671, In General.

### § 219.1. Throwing missiles at common carrier vehicles with intent to wreck or do bodily harm; punishment

Every person who unlawfully throws, hurls or projects at a vehicle operated by a common carrier, while such vehicle is either in motion or stationary, any rock, stone, brick, bottle, piece of wood or metal or any other missile of any kind or character, or does any unlawful act, with the intention of wrecking such vehicle and doing bodily harm, and thus wrecks the same and causes bodily harm, is guilty of a felony and punishable by imprisonment in the state prison for two, four, or six years. *(Added by Stats.1941, c. 1046, p. 2711, § 1. Amended by Stats.1976, c. 1139, p. 5101, § 142, operative July 1, 1977; Stats.1978, c. 579, p. 1982, § 11.)*

#### Cross References
Conviction as ground for revocation of county teaching certificate, see Education Code § 44435.
Fine authorized in addition to prescribed imprisonment, see Penal Code § 672.
Manifestation of intent, see Penal Code § 21.

#### Research References
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 255, Vehicles, Aircraft, Vessels, Highways, Bridges, etc.

### § 219.2. Throwing hard substance or shooting missile at train or other conveyance; punishment

Every person who willfully throws, hurls, or projects a stone or other hard substance, or shoots a missile, at a train, locomotive, railway car, caboose, cable railway car, street railway car, or bus or at a steam vessel or watercraft used for carrying passengers or freight on any of the waters within or bordering on this state, is punishable by imprisonment in the county jail not exceeding one year, or in a state prison, or by fine not exceeding two thousand dollars ($2,000), or by both such fine and imprisonment. *(Added by Stats.1955, c. 710, p. 1201, § 1. Amended by Stats.1976, c. 1125, p. 5036, § 14; Stats.1976, c. 1139, p. 5101, § 143.5, operative July 1, 1977; Stats.1983, c. 1092, § 248, eff. Sept. 27, 1983, operative Jan. 1, 1984.)*

#### Cross References
Conviction as ground for revocation of county teaching certificate, see Education Code § 44435.
Crime defined by this chapter committed by or upon mental patient, release of information, see Welfare and Institutions Code § 5328.4.

#### Research References
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 255, Vehicles, Aircraft, Vessels, Highways, Bridges, etc.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 256, (S 256) Railroad Property and Equipment.
1 Witkin Cal. Crim. L. 3d Criminal Elements § 5, (S 5) in General.
3 Witkin Cal. Crim. L. 3d Punishment § 513, (S 513) Felony Involving Public Transit Vehicle.

### § 219.3. Dropping or throwing objects or missiles from toll bridges

Any person who wilfully drops or throws any object or missile from any toll bridge is guilty of a misdemeanor. *(Added by Stats.1957, c. 1053, p. 2287, § 1.)*

#### Cross References
Conviction as ground for revocation of county teaching certificate, see Education Code § 44435.
Punishment for misdemeanor, see Penal Code §§ 19, 19.2.

#### Research References
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 255, Vehicles, Aircraft, Vessels, Highways, Bridges, etc.

## CHAPTER 6. ASSAULTS WITH INTENT TO COMMIT FELONY, OTHER THAN ASSAULTS WITH INTENT TO MURDER

Section
220. Assault with intent to commit mayhem, rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with foreign object; punishment.
222. Administering stupefying drugs to assist in commission of felony.

### § 220. Assault with intent to commit mayhem, rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with foreign object; punishment

Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years. *(Enacted 1872. Amended by Stats.1937, c. 553, p. 1581, § 1; Stats.1975, c. 71, p. 133, § 4; Stats.1976, c. 1139, p. 5102, § 144, operative July 1, 1977; Stats.1978, c. 579, p. 1982, § 12; Stats.1979, c. 944, p. 3253, § 3.)*

#### Cross References
Aiding and abetting a crime, liability, see Penal Code § 31.
Assault defined, see Penal Code § 240.
Assault with deadly weapon, see Penal Code § 245 et seq.
Child day care facilities, license or special permit, nonexemption for conviction of offense, see Health and Safety Code § 1596.871.
Community care facilities, licenses or special permits, fingerprinting, nonexemption, see Health and Safety Code § 1522.
Conviction of included offense or attempt, see Penal Code § 1159.
Counties and cities, persons convicted of Penal Code offenses, supervisory or disciplinary authority over minors, see Public Resources Code § 5164.
Extrinsic policies, evidence of another sexual offense by defendant, disclosure, see Evidence Code § 1108.
Failure to register as sex offender after conviction under this section upon subsequent release, type of offense and punishment, see Penal Code § 290.
Fine authorized in addition to prescribed punishment, see Penal Code § 672.
Grants to child sexual exploitation and child sexual abuse victim counseling centers, and grants to sexual assault services programs operating rape victim centers and prevention programs, see Penal Code § 13837.
Injuries as result of assaultive or abusive conduct, reporting requirements by health facilities, clinics, or physician's offices, see Penal Code § 11160.
Intent, manifestation, see Penal Code § 21.
Making available specified information about certain sex offenders available to the public via the Internet, see Penal Code § 290.46.
Mayhem, generally, see Penal Code § 203 et seq.
Pardon or certification of rehabilitation of sex offenders, relief from duty to register, see Penal Code § 290.5.
Probation on conviction of two or more designated felonies under this section, see Penal Code § 1203.08.
Probation or suspension of sentence prohibited for certain offenses under this section, see Penal Code § 1203.065.
Rape, generally, see Penal Code § 261 et seq.
Safe school zones, sentencing for convictions under this section, see Penal Code § 1170.86.
Sodomy, generally, see Penal Code § 286 et seq.
Soliciting commission of offense under this section, punishment, see Penal Code § 653f.
Violent crime information center, online missing persons registry, historic database, see Penal Code § 14203.

#### Research References
California Jury Instructions - Criminal, 6th Ed. 9.00, Assault-Defined.
California Jury Instructions - Criminal, 6th Ed. 9.09, Assault With Intent to Commit Certain Felonies.
California Jury Instructions - Criminal, 6th Ed. 2.50.01, Evidence of Other Sexual Offenses.
1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 28, In General.

SEP/17/2007/MON 11:56 AM  SMPD INVESTIGATIONS           FAX No. 6505227651           P. 008
Case 3:07-mj-70550-MAG    Document 1    Filed 09/17/2007    Page 7 of 12

§ 243.3                              CRIMES AND PUNISHMENTS                                    106

or by imprisonment in a county jail not exceeding one year or in the state prison for 16 months, or two or three years, or by both that fine and imprisonment. *(Added by Stats.1982, c. 172, p. 549, § 4, eff. April 27, 1982. Amended by Stats.1984, c. 483, § 4; Stats.1987, c. 801, § 3; Stats.1997, c. 305 (A.B.946), § 1.)*

### Research References

1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 20, Offenses Against Other Specified Persons.
1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 72, (S 72) Transportation Personnel and Passengers.
4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 53, Collection of Forensic Information.
3 Witkin Cal. Crim. L. 3d Punishment § 513, (S 513) Felony Involving Public Transit Vehicle.

### § 243.35. Public transportation; battery against person on provider's property or motor vehicle; punishment

(a) Except as provided in Section 243.3, when a battery is committed against any person on the property of, or in a motor vehicle of, a public transportation provider, the offense shall be punished by a fine not to exceed two thousand dollars ($2,000), or by imprisonment in a county jail not to exceed one year, or by both the fine and imprisonment.

(b) As used in this section, "public transportation provider" means a publicly or privately owned entity that operates, for the transportation of persons for hire, a bus, taxicab, streetcar, cable car, trackless trolley, or other motor vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in air, or that operates a schoolbus.

(c) As used in this section, "on the property of" means the entire station where public transportation is available, including the parking lot reserved for the public who utilize the transportation system. *(Added by Stats.1996, c. 423 (A.B.588), § 3.)*

### Research References

1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 20, Offenses Against Other Specified Persons.

### § 243.4. Sexual battery

(a) Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(b) Any person who touches an intimate part of another person who is institutionalized for medical treatment and who is seriously disabled or medically incapacitated, if the touching is against the will of the person touched, and if the touching is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(c) Any person who touches an intimate part of another person for the purpose of sexual arousal, sexual gratification, or sexual abuse, and the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(d) Any person who, for the purpose of sexual arousal, sexual gratification, or sexual abuse, causes another, against that person's will while that person is unlawfully restrained either by the accused or an accomplice, or is institutionalized for medical treatment and is seriously disabled or medically incapacitated, to masturbate or touch an intimate part of either of those persons or a third person, is guilty of sexual battery. A violation of this subdivision is punishable by imprisonment in a county jail for not more than one year, and by a fine not exceeding two thousand dollars ($2,000); or by imprisonment in the state prison for two, three, or four years, and by a fine not exceeding ten thousand dollars ($10,000).

(e)(1) Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery, punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment. However, if the defendant was an employer and the victim was an employee of the defendant, the misdemeanor sexual battery shall be punishable by a fine not exceeding three thousand dollars ($3,000), by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment. Notwithstanding any other provision of law, any amount of a fine above two thousand dollars ($2,000) which is collected from a defendant for a violation of this subdivision shall be transmitted to the State Treasury and, upon appropriation by the Legislature, distributed to the Department of Fair Employment and Housing for the purpose of enforcement of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the Government Code), including, but not limited to, laws that proscribe sexual harassment in places of employment. However, in no event shall an amount over two thousand dollars ($2,000) be transmitted to the State Treasury until all fines, including any restitution fines that may have been imposed upon the defendant, have been paid in full.

(2) As used in this subdivision, "touches" means physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim.

(f) As used in subdivisions (a), (b), (c), and (d), " touches" means physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense.

(g) As used in this section, the following terms have the following meanings:

(1) "Intimate part" means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female.

(2) "Sexual battery" does not include the crimes defined in Section 261 or 289.

(3) "Seriously disabled" means a person with severe physical or sensory disabilities.

(4) "Medically incapacitated" means a person who is incapacitated as a result of prescribed sedatives, anesthesia, or other medication.

(5) "Institutionalized" means a person who is located voluntarily or involuntarily in a hospital, medical treatment facility, nursing home, acute care facility, or mental hospital.

(6) "Minor" means a person under 18 years of age.

(h) This section shall not be construed to limit or prevent prosecution under any other law which also proscribes a course of conduct that also is proscribed by this section.

(i) In the case of a felony conviction for a violation of this section, the fact that the defendant was an employer and the

SEP/17/2007/MON 11:57 AM   SMPD INVESTIGATIONS         FAX No. 6505227651        P. 009
Case 3:07-mj-70550-MAG   Document 1   Filed 09/17/2007   Page 8 of 12

§ 659                               CRIMES AND PUNISHMENTS                               416

person who counsels or aids another in the commission of such act is guilty of a misdemeanor. *(Enacted 1872.)*

**Cross References**

Alcoholic beverages, salesmen aiding or abetting violations, see Business and Professions Code § 23404.
Funeral directors and embalmers, see Business and Professions Code § 7699.
Parties to crime, see Penal Code § 30 et seq.
Passenger stage corporations, aiding and abetting violations, see Public Utilities Code § 1037.
Reformatories etc., cruel and unusual punishments, see Penal Code § 673.
Soliciting commission of crimes, see Penal Code § 653f.

**Research References**

1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 72, (S 72) Test.

### § 660. Criminal sending of letters; completion of offense

SENDING LETTERS, WHEN DEEMED COMPLETE. In the various cases in which the sending of a letter is made criminal by this Code, the offense is deemed complete from the time when such letter is deposited in any Post Office or any other place, or delivered to any person, with intent that it shall be forwarded. *(Enacted 1872.)*

**Cross References**

Punishment for sending extortion letters, see Penal Code § 523.

**Research References**

California Jury Instructions - Criminal, 6th Ed. 14.79, Extortion-When Offense of Sending Threatening Letter Complete.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 109, (S 109) Sending Threatening Letter.

### § 661. Public officers; removal for neglect or violation of official duty; discretion of court

REMOVAL FROM OFFICE FOR VIOLATION OR NEGLECT OF OFFICIAL DUTY BY PUBLIC OFFICERS. In addition to the penalty affixed by express terms, to every neglect or violation of official duty on the part of public officers, State, county, city, or township, where it is not so expressly provided, they may, in the discretion of the Court, be removed from office. *(Enacted 1872.)*

**Cross References**

Advocating overthrow of government, grounds for dismissal, see Government Code § 1028.
Alcoholic Beverage Control Act, neglect or refusal of officer to enforce, see Business and Professions Code § 25619.
Banking department, removal of superintendent, deputies or employees for violations, see Financial Code § 234.
Banks, failure of deputy commissioner or examiner to report unsafe condition as felony, see Financial Code § 1910.
Chiropractors, removal of member of board of examiners for misconduct, see Business and Professions Code § 1000–2.
Civil service, violations in general, see Government Code § 19682.
Communist party membership, failure to answer questions relating to as grounds for dismissal, see Government Code § 1028.1.
County medical facilities, records, see Health and Safety Code § 1457.
Impeachment, see Government Code § 3020 et seq.
Intoxication of public officer in discharge of duties, removal, see Government Code § 3001.
Local agencies, removal of officer or employee depositing money in other than prescribed manner, see Government Code § 53681.
Peace officer, conviction of felony as disqualification, see Government Code § 1029.
Personal representative, incompetency, see Probate Code § 8402.
Proceedings for impeachment, see Penal Code § 10.
Public officers,
   Additional test or qualification, prohibition against removal for noncompliance, see Government Code § 1364.
   Divulging confidential information, see Government Code § 11183.
   Willful omission to perform duty, see Government Code § 1222.
Public utility district officers, removal for failure to comply with statutory provisions, see Public Utilities Code § 16042.
Public utility franchises, violation of code provisions by members of legislative body, see Public Utilities Code § 6017.

Registrar of records, neglect of duty by registrar, see Health and Safety Code § 103790.
Removal of officers having financial interest in official contracts, see Government Code § 1090 et seq.
Removal of public officers, see Government Code § 3000 et seq.
Removal other than by impeachment, see Government Code § 3060 et seq.
Schools, reports, refusal or neglect of principal, teacher, employee or officer to make, see Education Code §§ 44030, 44421.
State funds, forfeiture of office for noncompliance with deposit provisions, see Government Code § 16510.
Unlawfully holding or usurping office, see Code of Civil Procedure § 809.
Usurpation of office or franchise, actions, see Code of Civil Procedure § 803 et seq.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 107, Removal.

### § 662. Performance by agent; nonperformance by principal not punishable

OMISSION TO PERFORM DUTY, WHEN PUNISHABLE. No person is punishable for an omission to perform an act, where such act has been performed by another person acting in his behalf and competent by law to perform it. *(Enacted 1872.)*

**Cross References**

County officer's cash difference fund, see Government Code § 29370 et seq.

### § 663. Attempts; conviction though offense perpetrated; discretion of court

ATTEMPTS TO COMMIT CRIMES, WHEN PUNISHABLE. Any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt, unless the Court, in its discretion, discharges the jury and directs such person to be tried for such crime. *(Enacted 1872.)*

**Cross References**

Assault and battery, punishment, see Penal Code § 240 et seq.
Assault with intent to commit felony other than murder, see Penal Code § 220 et seq.
Attempt to kill, punishment, see Penal Code § 217.1 et seq.
Conspiracy, see Penal Code § 182 et seq.
Conviction for attempt, see Penal Code § 1159.
Solicitation to commit crime, see Penal Code § 653f.
Terroristic or attempted terroristic activity, requirement to provide DNA specimen for inclusion in state database, see Penal Code § 296.

**Research References**

California Jury Instructions - Criminal, 6th Ed. App. C, Appendix C. Lesser Offenses to the Offense Charged.
1 Witkin Cal. Crim. L. 3d Criminal Elements § 56, Conviction Where Crime is Completed.

### § 664. Attempts; punishment

Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts, as follows:

(a) If the crime attempted is punishable by imprisonment in the state prison, the person guilty of the attempt shall be punished by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense attempted. However, if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years. The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact.

SEP/17/2007/MON 11:57 AM SMPD INVESTIGATIONS   Case 3:07-mj-70550-MAG   Document 1   FAX No. 009/17/2007   Filed 09/17/2007   Page 9 of 12

115                    SEXUAL ASSAULT, DECENCY, MORALS                    § 261

Section
266g. Placing or permitting placement of wife in house of prostitution; punishment.
266h. Pimping and pimping a minor; punishment.
266I. Pandering and pandering with a minor; punishment.
266j. Procurement of child under age 16 for lewd or lascivious acts; punishment.
266k. Additional fine on conviction for pimping, pandering, or procurement of child under age 16; deposit in victim-witness assistance fund; administrative cost of collection.
267. Abduction; person under 18 for purpose of prostitution; punishment.
269. Aggravated sexual assault of a child; violation; penalty.

### § 261. Rape defined

(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

(1) Where a person is incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act. Notwithstanding the existence of a conservatorship pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving consent.

(2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another.

(3) Where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.

(4) Where a person is at the time unconscious of the nature of the act, and this is known to the accused. As used in this paragraph, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

(A) Was unconscious or asleep.

(B) Was not aware, knowing, perceiving, or cognizant that the act occurred.

(C) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact.

(D) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the sexual penetration served a professional purpose when it served no professional purpose.

(5) Where a person submits under the belief that the person committing the act is the victim's spouse, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce the belief.

(6) Where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat. As used in this paragraph, "threatening to retaliate" means a threat to kidnap or falsely imprison, or to inflict extreme pain, serious bodily injury, or death.

(7) Where the act is accomplished against the victim's will by threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another, and the victim has a reasonable belief that the perpetrator is a public official. As used in this paragraph, "public official" means a person employed by a governmental agency who has the authority, as part of that position, to incarcerate, arrest, or deport another. The perpetrator does not actually have to be a public official.

(b) As used in this section, "duress" means a direct or implied threat of force, violence, danger, or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to perform an act which otherwise would not have been performed, or acquiesce in an act to which one otherwise would not have submitted. The total circumstances, including the age of the victim, and his or her relationship to the defendant, are factors to consider in appraising the existence of duress.

(c) As used in this section, "menace" means any threat, declaration, or act which shows an intention to inflict an injury upon another. *(Enacted 1872. Amended by Stats.1889, c. 191, p. 223, § 1; Stats.1897, c. 139, p. 201, § 1; Stats.1913, c. 122, p. 212, § 1; Stats.1970, c. 1301, p. 2405, § 1; Stats.1979, c. 994, p. 3383, § 1; Stats.1980, c. 587, p. 1595, § 1; Stats.1981, c. 849, p. 3270, § 1; Stats.1983, c. 949, § 1; Stats.1984, c. 1634, § 1; Stats.1984, c. 1635, § 79.5; Stats.1985, c. 283, § 1; Stats.1986, c. 1299, § 1; Stats.1990, c. 630 (S.B.2586), § 1; Stats.1993, c. 595 (A.B.187), § 1; Stats.1993–94, 1st Ex.Sess., c. 40 (A.B.85), § 1; Stats.2002, c. 302 (S.B.1421), § 2.)*

**Cross References**

Administering stupefying drugs to assist in commission of felony, see Penal Code § 222.
Admission of evidence of sexual conduct of complaining witness, see Evidence Code § 782.
Aiders and abettors, see Penal Code §§ 31, 264.1.
AIDS test upon conviction for sex offense, see Penal Code § 1202.1.
Assault with intent to commit rape, etc., see Penal Code § 220.
Calendar, priorities, see Penal Code § 1048.
Child abuse, reports, see Penal Code § 11165 et seq.
Contributing to delinquency of minors, see Penal Code § 272.
Conviction as ground for revocation of,
   County teaching certificate, see Education Code § 44435.
   Teaching credential, see Education Code § 44424.
Conviction of an offense pursuant to this section, specified circumstances, enhancement of sentence, see Penal Code § 667.61.
Criminal complaints under this section, tolling or extension of time periods, see Penal Code § 803.
Criminal gang activity, patterns, engaging in acts punishable under this section, see Penal Code § 186.22.
Discharge, discrimination, or retaliation by employees against domestic violence or sexual assault victims prohibited, see Labor Code § 230.
Disclosure of records, exemption at request of victim, see Government Code § 6254.
Dismissal of complaint if preliminary examination continued over ten court days after arraignment, exception for offenses under this section where prosecuting attorney has schedule conflict, see Penal Code § 859b.
Employment, right of employees to take time off due to domestic violence or sexual assault, see Labor Code § 230.1.
Enhancement of prison term of offender under this section who was previously convicted of such offense, see Penal Code § 667.6.
Evidence of complaining witness's sexual conduct to prove consent, see Evidence Code § 1103.
Evidence of sexual conduct of complaining witness, procedure for admissibility, see Evidence Code § 782.
Examination of victims of sexual crimes, see Penal Code § 1346 et seq.
Failure to register as sex offender after conviction under this section upon subsequent release, type of offense and punishment, see Penal Code § 290.

SEP/17/2007/MON 11:58 AM  SMPD INVESTIGATIONS                                    P. 011

§ 288.5                                  CRIMES AND PUNISHMENTS                                                 156

3 Witkin Cal. Crim. L. 3d Punishment § 347, Violent Crimes.
3 Witkin Cal. Crim. L. 3d Punishment § 348, Habitual Offender.
3 Witkin Cal. Crim. L. 3d Punishment § 349, Lewd Act.
3 Witkin Cal. Crim. L. 3d Punishment § 383, (S 383) Fully Consecutive Sentences.
3 Witkin Cal. Crim. L. 3d Punishment § 386, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 403, (S 403) Persons Ineligible for Credit.
3 Witkin Cal. Crim. L. 3d Punishment § 509, (S 509) Lewd Act With Child.
3 Witkin Cal. Crim. L. 3d Punishment § 517, (S 517) P.C. 1203.
3 Witkin Cal. Crim. L. 3d Punishment § 601, Nature of Right.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 37, (S 37) in General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 51, (S 51) in General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 52, (S 52) Recurring Access.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 53, (S 53) Relationship to Other Sex Offenses.

### § 289. Forcible acts of sexual penetration; punishment

(a)(1) Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years.

(2) Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat, shall be punished by imprisonment in the state prison for three, six, or eight years.

(b) Except as provided in subdivision (c), any person who commits an act of sexual penetration, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act or causing the act to be committed, shall be punished by imprisonment in the state prison for three, six, or eight years. Notwithstanding the appointment of a conservator with respect to the victim pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving legal consent.

(c) Any person who commits an act of sexual penetration, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act or causing the act to be committed and both the defendant and the victim are at the time confined in a state hospital for the care and treatment of the mentally disordered or in any other public or private facility for the care and treatment of the mentally disordered approved by a county mental health director, shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year. Notwithstanding the existence of a conservatorship pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving legal consent.

(d) Any person who commits an act of sexual penetration, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act or causing the act to be committed, shall be punished by imprisonment in the state prison for three, six, or eight years. As used in this subdivision, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

(1) Was unconscious or asleep.

(2) Was not aware, knowing, perceiving, or cognizant that the act occurred.

(3) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact.

(4) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the sexual penetration served a professional purpose when it served no professional purpose.

(e) Any person who commits an act of sexual penetration when the victim is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused, shall be punished by imprisonment in the state prison for a period of three, six, or eight years.

(f) Any person who commits an act of sexual penetration when the victim submits under the belief that the person committing the act or causing the act to be committed is the victim's spouse, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce the belief, shall be punished by imprisonment in the state prison for a period of three, six, or eight years.

(g) Any person who commits an act of sexual penetration when the act is accomplished against the victim's will by threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another, and the victim has a reasonable belief that the perpetrator is a public official, shall be punished by imprisonment in the state prison for a period of three, six, or eight years.

As used in this subdivision, "public official" means a person employed by a governmental agency who has the authority, as part of that position, to incarcerate, arrest, or deport another. The perpetrator does not actually have to be a public official.

(h) Except as provided in Section 288, any person who participates in an act of sexual penetration with another person who is under 18 years of age shall be punished by imprisonment in the state prison or in the county jail for a period of not more than one year.

(i) Except as provided in Section 288, any person over the age of 21 years who participates in an act of sexual penetration with another person who is under 16 years of age shall be guilty of a felony.

(j) Any person who participates in an act of sexual penetration with another person who is under 14 years of age and who is more than 10 years younger than he or she shall be punished by imprisonment in the state prison for three, six, or eight years.

(k) As used in this section:

(1) "Sexual penetration" is the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object.

(2) "Foreign object, substance, instrument, or device" shall include any part of the body, except a sexual organ.

(3) "Unknown object" shall include any foreign object, substance, instrument, or device, or any part of the body, including a penis, when it is not known whether penetration was by a penis or by a foreign object, substance, instrument, or device, or by any other part of the body.

SEP/17/2007/MON 11:58 AM SMPD INVESTIGATIONS FAX No. 6505227667 P. 012
Case 3:07-mj-70550-MAG Document 1 Filed 09/17/2007 Page 11 of 12

§ 288      CRIMES AND PUNISHMENTS      152

3 Witkin Cal. Crim. L. 3d Punishment § 349, Lewd Act.
3 Witkin Cal. Crim. L. 3d Punishment § 364, (S 364) Exception for Same Occasion or Operative Facts.
3 Witkin Cal. Crim. L. 3d Punishment § 376, Effect of Defendant's Admission.
3 Witkin Cal. Crim. L. 3d Punishment § 383, (S 383) Fully Consecutive Sentences.
3 Witkin Cal. Crim. L. 3d Punishment § 386, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 389, Imposition of Sentence.
3 Witkin Cal. Crim. L. 3d Punishment § 403, (S 403) Persons Ineligible for Credit.
3 Witkin Cal. Crim. L. 3d Punishment § 450, (S 450) in General.
3 Witkin Cal. Crim. L. 3d Punishment § 509, (S 509) Lewd Act With Child.
3 Witkin Cal. Crim. L. 3d Punishment § 514, (S 514) Designated Felonies Within Ten-Year Period.
3 Witkin Cal. Crim. L. 3d Punishment § 517, (S 517) P.C. 1203.
3 Witkin Cal. Crim. L. 3d Punishment § 518, (S 518) Other Statutory Provisions.
3 Witkin Cal. Crim. L. 3d Punishment § 528, (S 528) Availability of Report.
3 Witkin Cal. Crim. L. 3d Punishment § 532, Discretion of Trial Judge.
3 Witkin Cal. Crim. L. 3d Punishment § 542, (S 542) Felony Cases.
3 Witkin Cal. Crim. L. 3d Punishment § 601, Nature of Right.
3 Witkin Cal. Crim. L. 3d Punishment § 622, (S 622) County of Return.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 37, (S 37) in General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 38, In General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 39, Related Offenses.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 40, The Child.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 41, (S 41) Lewd Act With Dependent Adult.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 42, Nature of Force.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 43, Nature of Duress and Menace.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 45, In General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 46, Illustrations.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 48, (S 48) Age of Participants.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 51, (S 51) in General.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 53, (S 53) Relationship to Other Sex Offenses.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 112, (S 112) Punishment.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 155, (S 155) Relationship to Other Offenses.
2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 156, (S 156) in General.

### § 288a. Oral copulation; punishment

(a) Oral copulation is the act of copulating the mouth of one person with the sexual organ or anus of another person.

(b)(1) Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

(2) Except as provided in Section 288, any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age is guilty of a felony.

(c)(1) Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he or she shall be punished by imprisonment in the state prison for three, six, or eight years.

(2) Any person who commits an act of oral copulation when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six, or eight years.

(3) Any person who commits an act of oral copulation where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat, shall be punished by imprisonment in the state prison for three, six, or eight years.

(d) Any person who, while voluntarily acting in concert with another person, either personally or by aiding and abetting that other person, commits an act of oral copulation (1) when the act is accomplished against the victim's will by means of force or fear of immediate and unlawful bodily injury on the victim or another person, or (2) where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person, and there is a reasonable possibility that the perpetrator will execute the threat, or (3) where the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act, shall be punished by imprisonment in the state prison for five, seven, or nine years. Notwithstanding the appointment of a conservator with respect to the victim pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime described under paragraph (3), that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving legal consent.

(e) Any person who participates in an act of oral copulation while confined in any state prison, as defined in Section 4504 or in any local detention facility as defined in Section 6031.4, shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

(f) Any person who commits an act of oral copulation, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act, shall be punished by imprisonment in the state prison for a period of three, six, or eight years. As used in this subdivision, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:

(1) Was unconscious or asleep.

(2) Was not aware, knowing, perceiving, or cognizant that the act occurred.

(3) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact.

(4) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the oral copulation served a professional purpose when it served no professional purpose.

(g) Except as provided in subdivision (h), any person who commits an act of oral copulation, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act, shall be punished by imprisonment in the state prison, for three, six, or eight years. Notwithstanding the existence of a conservatorship pursuant to the provisions of the Lanterman-Petris-Short Act (Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code), the prosecuting attorney shall prove, as an element of the crime, that a mental disorder or developmental or physical disability rendered the alleged victim incapable of giving consent.

(h) Any person who commits an act of oral copulation, and the victim is at the time incapable, because of a mental disorder or developmental or physical disability, of giving legal consent, and this is known or reasonably should be known to the person committing the act, and both the defendant and the victim are at

SEP/17/2007/MON 11:58 AM SMPD INVESTIGATIONS FAX No. 6525227651 P. 013
Case 3:07-mj-70550-MAG Document 1 Filed 09/17/2007 Page 12 of 12

§ 211                       CRIMES AND PUNISHMENTS                        94

Theft or larceny, see Penal Code § 484 et seq.
Train robbery, see Penal Code § 214.

### Research References

California Jury Instructions - Criminal, 6th Ed. 9.40, Robbery.
California Jury Instructions - Criminal, 6th Ed. 9.54, Kidnapping to Commit Robbery And/Or Certain Sex Crimes.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 86, Nature of Crime.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 89, Punishment.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 90, from Person or Presence.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 92, Possession of Another.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 94, In General.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 98, In General.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 101, Nature of Crime.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 102, Robbery Distinguished.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 211, Concealment of Personal Identity.
6 Witkin Cal. Crim. L. 3d Criminal Judgment § 66, In General.
1 Witkin Cal. Crim. L. 3d Criminal Elements § 34, (S 34) Miscellaneous Solicitation Statutes.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 172, Modified Rule.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 186, Robbery and Kidnaping for Robbery.
3 Witkin Cal. Crim. L. 3d Punishment § 134, Double Jeopardy Distinguished.
3 Witkin Cal. Crim. L. 3d Punishment § 221, Definitions.
3 Witkin Cal. Crim. L. 3d Punishment § 322, P.C. 12022.53: Personal Use of Firearm in Specified Felonies.
3 Witkin Cal. Crim. L. 3d Punishment § 352, (S 352) Offense Against Physically Vulnerable Person.
3 Witkin Cal. Crim. L. 3d Punishment § 450, (S 450) in General.
3 Witkin Cal. Crim. L. 3d Punishment § 506, (S 506) Personal Use of Firearm.
3 Witkin Cal. Crim. L. 3d Punishment § 507, (S 507) Infliction of Great Bodily Injury.
3 Witkin Cal. Crim. L. 3d Punishment § 508, (S 508) Felony Against Aged or Handicapped Person.
3 Witkin Cal. Crim. L. 3d Punishment § 513, (S 513) Felony Involving Public Transit Vehicle.
3 Witkin Cal. Crim. L. 3d Punishment § 514, (S 514) Designated Felonies Within Ten-Year Period.

### § 212. Fear defined

The fear mentioned in Section 211 may be either:

1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,

2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery. *(Enacted 1872. Amended by Code Am.1873-74, c. 614, p. 427, § 18; Stats.1963, c. 372, p. 1160, § 3.)*

### Cross References

Persons committing crime under threats or menaces, see Penal Code § 26.
Persons compelling commission of crime by fear or threats, see Penal Code § 31.
Property defined, see Penal Code § 7.

### Research References

California Jury Instructions - Criminal, 6th Ed. 9.41, Robbery-Fear-Defined.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 97, Fear.

### § 212.5. Robbery; degrees

(a) Every robbery of any person who is performing his or her duties as an operator of any bus, taxicab, cable car, streetcar, trackless trolley, or other vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in the air, and used for the transportation of persons for hire, every robbery of any passenger which is perpetrated on any of these vehicles, and every robbery which is perpetrated in an inhabited dwelling house, a vessel as defined in Section 21 of the Harbors and Navigation Code which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, a trailer coach as defined in the Vehicle Code which is inhabited, or the inhabited portion of any other building is robbery of the first degree.

(b) Every robbery of any person while using an automated teller machine or immediately after the person has used an automated teller machine and is in the vicinity of the automated teller machine is robbery of the first degree.

(c) All kinds of robbery other than those listed in subdivisions (a) and (b) are of the second degree. *(Added by Stats.1986, c. 1428, § 2. Amended by Stats.1987, c. 801, § 1; Stats.1989, c. 361, § 1; Stats.1993, c. 162 (A.B.112), § 1; Stats.1994, c. 919 (S.B.2098), § 1.)*

### Cross References

Definition of robbery, see Penal Code § 211.
Degree of offense, determination by court before passing sentence, see Penal Code § 1192.
Finding of degree of crime, see Penal Code § 1157.
Guilty plea, specification of degree of offense, see Penal Code §§ 1192.1, 1192.2.
Judgment on appeal, reduction of degree of offense, see Penal Code § 1260.
Reasonable doubt, conviction of lowest degree of offense, see Penal Code § 1097.
Residential robbery, defined, see Penal Code § 1170.95.
Soliciting commission of robbery, see Penal Code § 653f.
"Transportation of persons" defined for certain purposes, see Public Utilities Code § 208.

### Research References

California Jury Instructions - Criminal, 6th Ed. 9.42, Robbery of the First Degree-Defined.
California Jury Instructions - Criminal, 6th Ed. 9.43, Second Degree Robbery as a Matter of Law.
2 Witkin Cal. Crim. L. 3d Crimes Against Property § 88, (S 88) Revised Law.
1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 49, (S 49) Cases Applying the Rule.
4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 53, Collection of Forensic Information.
3 Witkin Cal. Crim. L. 3d Punishment § 450, (S 450) in General.

### § 213. Robbery; punishment

(a) Robbery is punishable as follows:

(1) Robbery of the first degree is punishable as follows:

(A) If the defendant, voluntarily acting in concert with two or more other persons, commits the robbery within an inhabited dwelling house, a vessel as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, a trailer coach as defined in the Vehicle Code, which is inhabited, or the inhabited portion of any other building, by imprisonment in the state prison for three, six, or nine years.

(B) In all cases other than that specified in subparagraph (A), by imprisonment in the state prison for three, four, or six years.

(2) Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years.

(b) Notwithstanding Section 664, attempted robbery in violation of paragraph (2) of subdivision (a) is punishable by imprisonment in the state prison. *(Added by Stats.1986, c. 1428, § 4. Amended by Stats.1994, c. 789 (A.B.779), § 1.)*